IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ANTONIO GARCIA,<br><br>　　　　　Defendant.<br><br><br><br>TEXTRON MASTER RETIREMENT PLAN,<br>c/o Compliance Officer<br>HROC Center of Excellence<br>Textron, Inc.<br>40 Westminster Street<br>Providence, RI  02903<br><br>　　　　　Garnishee-Defendant. | Case No. 96-10049-01-JTM |

MEMORANDUM AND ORDER

This matter is before the court on the Application for Writ of Continuing Garnishment filed by the United States. The United States seeks a writ pursuant to 28 U.S.C. § 3205(b)(1) based upon the outstanding amounts due ($1,459,331.96 in restitution to Cessna Finance Corporation and $15,067.28 on a criminal fine) on the judgment in this matter against defendant Antonio J. Garcia. Garcia has been convicted of wire fraud, uttering counterfeit securities, and tax evasion.

The garnishee, Textron Master Retirement Plan, has filed an Answer stating that Garcia is not

employed by Textron or its subsidiaries, but that it currently controls a tax-qualified retirement plan account. The account has an approximate value of $696.51 per month, if paid as a single-life annuity starting May 1, 2003. The Answer further states that Garcia has an immediate right to a reduced pension, subject to income tax and the rights of any spouse of Garcia.

In the Answer, Textron also submits that because the account is exempt from levy for tax purposes, it is also exempt from enforcement in the present action, citing *United States v. Textron Svgs. Plan*, No.96-10049-01, 2003 WL 22594362 (D.Kan. Nov. 6, 2003). The garnishee acknowledges authority for the proposition that a qualified joint account is subject to levy to the extent that is payable during the debtor's life, and does not include amounts payable to the debtor's surviving spouse after the debtor's death. *Travelers Ins. Co. v. Ratterman*, No. C-1-94-466,1996 W.S.Dist. LEXIS 2001, at 13-19 (S.D. Ohio Jan. 12, 1996).

Garcia has not filed any objection to the proposed writ of garnishment.

The United States has subsequently moved to strike the objection. The United States argues that the objection should be stricken because it was filed by a non-attorney employee of Textron. The United States also argues that in any event the court may and should grant the requested garnishment.

The Answer of Textron was filed by David Green, a Leader in Textron's Human Resources Operations and Compliance Center of Excellence. Green is not an attorney.

The court agrees that Textron's objection should be stricken, as it was filed by a non-attorney corporate representative of the garnishee. A corporation may appear in court only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Accordingly, the objection portion of the Answer of the garnishee is without legal effect.

The United States submits that it "is seeking to garnish only the monthly pension payments as they become due and payable to defendant Garcia and is not seeking a distribution of the entire account

or attempting to extinguish any potential survivorship interest of any spouse" of Garcia. (Resp. at 10). Instead, it is seeking garnishment of a portion of the account, and is not seeking garnishment of the amount which (if he is married at the time he applies for benefits) would represent the surviving spousal interest. Payment from the annuity without spousal counsel is permitted under 26 U.S.C. §§ 401(a)(2), (11), and (13), and 29 U.S.C. §§ 1104(a), 1055, and 1056(d). Garnishment of this amount is permitted under 26 U.S.C. § 6332(e), and payment of the garnishment amount requested by the government and as ordered herein would not disqualify the Textron Master Retirement Plan under 26 U.S.C. §§ 401(a)(2), (11), and (13).

IT IS ACCORDINGLY ORDERED this 24th day of July, 2006, that the Answer/Objection of the defendant-garnishee (Dkt. No. 61) is denied; the Application for Writ of Garnishment of the United States (Dkt. No.57) is granted as to any and all monthly payments due defendant Garcia under the retirement plan, excluding any payments to a surviving spouse.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE